NO.
12-07-00048-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

SHONDRETA R. THOMAS,           §          APPEAL
FROM THE 124TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          GREGG
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Shondreta R.
Thomas appeals her conviction for injury to a child.  On appeal, Appellant argues that the trial
court erred in ordering her sentence to be served consecutively to her sentence
for a previous murder conviction.  We
affirm.

 

Background

            Appellant
was charged by indictment for one count of murder and one count of injury to a
child.[1]  According to Appellant and the State, the
injury to a child charge was severed from the murder charge, although no signed
order of severance appears in the record. 
A jury found Appellant guilty of murder and assessed her punishment at
five years of imprisonment.  Three days
later, on January 22, 2007, Appellant entered an open plea of guilty to injury
to a child, or more specifically, to intentionally or knowingly, by omission,
causing bodily injury to a child fourteen years of age or younger, by failing
to obtain medical treatment, a third degree felony.[2]








 
On the same date, Appellant and her counsel signed a waiver of jury
trial and consent to stipulation of testimony, a waiver of presentence report,
and a written stipulation of evidence in which Appellant swore that all
allegations pleaded in the indictment were true and correct and constituted the
evidence in the case.  The trial judge
and the attorney for the State signed and approved Appellant’s waiver of jury
trial and consent to stipulation of testimony, and the written stipulation of
evidence.  The trial court accepted
Appellant’s plea, adjudged her guilty of the charged offense, and, after a
sentencing hearing, assessed her punishment at ten years of imprisonment.[3]  Further, the trial court ordered that her
sentences be served consecutively.  This
appeal followed.  

 

Consecutive
Sentencing

            In
her sole issue, Appellant argues that the trial court erred in ordering that
the ten year sentence for injury to a child be served consecutively to her five
year sentence for murder.  More
specifically, she contends that the trial court’s order violated due process
because it was vindictive and resulted from a perception that the jury’s
sentence for the murder charge was lenient. 
The State disagrees, arguing that Appellant failed to preserve error on
the trial court’s order that the sentences be served consecutively.  Further, the State contends that the trial
court did not abuse its discretion by ordering consecutive sentences and that
its order was not the result of judicial misconduct.

Applicable Law 

            If
two or more offenses have been severed, the court in its discretion may order
the sentences to run either concurrently or consecutively.  Tex.
Penal Code Ann. § 3.04 (Vernon Supp. 2007).  Article 42.08(a) of the Texas Code of
Criminal Procedure gives the trial court the discretion to cumulate
sentences.  Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006); Macri
v. State, 12 S.W.3d 505, 511 (Tex. App.–San Antonio 1999, pet. ref’d).  Thus, a complaint regarding consecutive
sentences is reviewed under an abuse of discretion standard.  Tex.
Code Crim. Proc. Ann. art. 42.08(a); Macri, 12 S.W.3d at
511.  However, as a prerequisite to
presenting a complaint for appellate review, the record must show that the
complaint was made to the trial court by a timely request, objection, or motion
that stated the grounds for the ruling that the complaining party sought from
the trial court with sufficient specificity to make the trial court aware of
the complaint.  Tex. R. App. P. 33.1(a)(1)(A). 

Analysis

            At
the sentencing hearing, the trial court found Appellant guilty and, in
determining her punishment, stated that it would never “criticize a jury for
its verdict” even though it did not always agree.  The trial court stated that five years was
not “enough” in this case and assessed Appellant’s punishment at ten years of
imprisonment.  Then, the trial court
asked whether the sentences should be served concurrently or
consecutively.  The State indicated that
the decision was within the trial court’s discretion.  Appellant’s counsel requested that the
sentences be served concurrently, stating that Appellant was not going forward
with a trial on the injury to a child charge. 
The trial court stated, “I can’t,” and Appellant’s counsel replied that
he understood.  Further, the trial court
stated, “I can’t do that and live with myself. I am still envisioning a dead
baby.”  Thereafter, the trial court
ordered that Appellant’s sentences be served consecutively and asked if there
was “any reason in law that sentence should not be formally pronounced.”  Counsel for Appellant said “no.”  At that time, the trial court formally
sentenced Appellant.

            This
case is analogous to Neal v. State, 150 S.W.3d 169 (Tex. Crim.
App. 2004).  In Neal, the
court of criminal appeals determined that the defendant forfeited his
prosecutorial vindictiveness claim because he failed to comply with Texas Rule
of Appellate Procedure 33.1(a).  Id.
at 175; see also Rosborough v. State, No. 06-06-00237-CR,
2007 WL 2033762, at *1 (Tex. App.–Texarkana July 17, 2007, no pet.) (mem. op.,
not designated for publication) (applying Neal to allegations of
judicial vindictiveness).  At the
punishment hearing, the defendant took the position that any sentence over two
years would be unfair, but never “uttered the words ‘prosecutorial
vindictiveness’ at trial,” made a vindictiveness due process claim at trial, or
requested the same relief at trial as on appeal.  Neal, 150 S.W.3d at
177-78.  Thus, the court determined that
the defendant’s position at the punishment hearing was not sufficient to put
the trial court on notice of a due process claim.  Id. at 178.  The court concluded that the vindictiveness
claim was not timely presented, was not specific, and was not ruled on by the
trial court.  Id. at
175-79.  

            In
this case, Appellant did not raise the issue of the trial court’s
vindictiveness at the sentencing hearing, object to the trial court’s order
that the sentences be served consecutively, or suggest that there was any due
process violation on the part of the trial court.  See Tex.
R. Civ. P. 33.1(a)(1)(A); Rosborough, 2007 WL 2033762, at
*2.  Although Appellant’s complaint is of
vindictiveness by the trial court rather than the prosecutor, we see no reason
why Rule 33.1(a) would not apply.  See
Rosborough, 2007 WL 2033762, at *2. 
Because Appellant failed to complain about the trial court’s alleged
vindictiveness or violation of her due process rights by a timely request, objection,
or motion with sufficient specificity, she has waived this issue.  See Tex.
R. App. P. 33.1(a)(1)(A). 

            Even
if Appellant had not waived this issue, the result would not change because
judicial vindictiveness does not apply to the facts of this case.  See Rosborough, 2007 WL
2033762, at *2. Judicial vindictiveness applies only “[when] a judge imposes a
more severe sentence upon a defendant after a new trial.”  See North Carolina v. Pearce,
395 U.S. 711, 726, 89 S. Ct. 2072, 2081, 23 L. Ed. 2d 656 (1969); Rosborough,
2007 WL 2033762, at *2.  Here, there is
no “new trial” and, therefore, Appellant cannot show that the trial court was
vindictive when it ordered that her sentences be served consecutively.  We overrule Appellant’s sole issue. 

 

Disposition

            The
judgment of the trial court is affirmed.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered November 30, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex.
Penal Code Ann. § 19.02(b)(1), 22.04(a) (Vernon 2003).





[2] See Tex.
Penal Code Ann. § 22.04(a)(3), (f) (Vernon 2003).





[3] An individual adjudged guilty of a third
degree felony shall be punished by imprisonment for any term of not more than
ten years or less than two years and, in addition, a fine not to exceed
$10,000.  See Tex. Penal Code Ann. § 12.34 (Vernon
2003).